UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN THEODORE ANDERSON,

        Plaintiff,

v.

PRIVATE CAPITAL GROUP, et al.,

        Defendants.

2:11-CV-58 JCM (LRL)

**ORDER**

Presently before the court is defendants Private Capital Group, Anasazi Gold Reserves, and AGR Minerals, LLC's motion to dismiss. (Doc. #7). Plaintiff John Theodore Anderson filed an opposition. (Doc. #10). Defendants filed a reply. (Doc. #17).

Also before the court is defendants motion for sanctions. (Doc. #18). Plaintiff filed a motion to strike the motion. (Doc. #20). Defendants filed a memorandum in opposition to plaintiff's motion to strike. (Doc. #22).

Plaintiff originally filed his *pro se* "Verified Petition for Libel Review/Judicial Review "Within the Admiralty" an "In Rem" Action Pursuant to 28 U.S.C. 1333 and 1337" on January 12, 2011. Plaintiff's claims for breach of contract and estoppel stem from an alleged commercial lien (referred to by plaintiff as "File #03012010") against real property. It is plaintiff's contention that he is entitled to enforce the lien against property owned by the defendants located in the state of Utah.

**James C. Mahan**
**U.S. District Judge**

1  Defendants assert in their motion to dismiss (doc. #7), that the verified petition should be
2  dismissed because (1) plaintiff's "claims are precluded based on a his prior litigation of the Utah
3  action," and (2) he has failed to state a claim upon which relief can be granted. Further, they ask the
4  court to award attorney fees and costs.

**I.    Motion To Dismiss**

    **A.    Claim Preclusion**

Res judicata prevents the plaintiff from re-litigating issues that have already been decided. This court looks to Utah law regarding the preclusive effect of the Utah court's order. *See Semtek Intern, Inc. v. Lockhead Martin Corp.,* 531 U.S. 497, 506-07, 121 S.Ct. 1021 (U.S. 2001). For claim preclusion to bar a plaintiff's claims, (1) both cases must involve the same parties or their privities, (2) the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action, and (3) the first suit must have resulted in a final judgment on the merits. *Synder v. Murray City Corp,* 73 P.3d 325 (Utah 2003). *See also Five Star Captial Corp. v. Ruby,* 194 P.3d 709, 713 (Nev. 2008) (stating a substantially similar, if not more relaxed, claim preclusion rule to that of Utah.).

        **1.    Same Parties**

Here, defendants assert that the exact same parties were involved in the Utah action. Plaintiff Anderson filed his "Verified Petition for Issuance of Final Order to Effect Foreclosure and Issuance of Deed of Trust" in the Fifth Judicial District Court of Iron County, State of Utah, against defendants Private Capital Group, Anasazi Gold Reserves, and AGR Minerals, LLC. Thus, as the parties are identical, the first requirement is met. *Synder,* 73 P.3d 325.

        **2.    Claims Were Raised**

For the second element to be met, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action. *Synder,* 73 P.3d 325. Defendants assert that the claims presented in this case involve the same lien as those presented in the Utah action, and that the court ruled upon those exact claims.

In the Utah action, plaintiff brought his petition to validate and enforce a lien (file

James C. Mahan
U.S. District Judge

- 2 -

1 #03012010) recorded against a parcel of real property owned by the defendants. Defendants filed a
2 motion to dismiss for failure to state a claim, and plaintiff never filed an opposition. Judge Westfall
3 entered an order granting the motion to dismiss on October 20, 2010. On May 13, 2011, Judge
4 Westfall issued a decision and order denying, without prejudice, Private Capital Group, Inc. And
5 AGR Minerals, LLC's motion for partial summary judgment. In that order, the judge clarified and
6 restated his ruling on the motion to dismiss. Specifically, the court stated that it "reject[ed] plaintiff's
7 proposition that a contractual obligation arose which [d]efendants are estopped to deny merely
8 because they declined [p]laintiff's invitation to dispute such outside the context of a formal legal
9 proceeding." Further, he emphasized that "no contract or estoppels materialized, or could have
10 materialized, from the facts alleged by [p]laintiff." (Doc. #7-2 Exhibit F).

11 Here, plaintiff's claims are premised upon a theory of breach of contract or estoppel relating
12 to the exact same lien, file #03012010. As stated above, the court in Utah specifically held that there
13 was "no contract or estoppels." Therefore, the issues and claims surrounding the lien in the case
14 before this court were presented to and decided by the court in the Utah action. Thus, the second
15 requirement is satisfied. *Synder,* 73 P.3d 325.

16 **3.     Final Order On the Merits**

17 Defendants assert that there was a final judgment on the merits in the Utah action because
18 all of the claims were dismissed and the time to appeal has lapsed. Pursuant to rule 41(b) of the Utah
19 Rule of Civil Procedure, "[u]nless the court in its order for dismissal otherwise specifies, a dismissal
20 under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack
21 of jurisdiction or for improper venue or for lack of indispensable party, operates as an adjudication
22 on the merits. Utah R. Civ. P. 41(b).

23 The dismissal in the Utah action was not based on jurisdiction or venue, and the court did
24 not specify that the dismissal was without prejudice. Rather, the court held that it rejected the
25 plaintiff's arguments and that based on the facts, the claims alleged were meritless.

26 The only opposition that plaintiff provides is with regards to the finality of the order. (Doc.
27 #10). Plaintiff contends that Judge Westfall's appointment to the bench was not confirmed by the

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  senate and therefore the order that he entered is void. However, as evidenced by the Senate Journal
2  (doc. #17 Exhibit A), Judge Westfall's appointment was accomplished in accordance with Article
3  VIII, Section 8 of the Utah Constitution. Thus, the order in the Utah action was final, satisfying the
4  third requirement. *Synder,* 73 P.3d 325.

## II.   Attorney Fees and Costs

Defendants ask this court to award attorney fees and costs associated with filing the motion to dismiss and defending the action. The court finds that an award of attorney fees and costs is appropriate. However, defendants are to file their request in accordance with Local Rule 54-1 through 54-16.

## III.  Motion For Sanctions.

Defendants ask this court to sanction plaintiff for the "harassing and frivolous filings in this matter." (Doc. #18). Specifically, they ask for (1) an order awarding a judgment in favor of defendants against Mr. Anderson in the amount of 1% of his $38 quadrillion claim, (2) an order awarding the defendants their reasonable attorneys' fees and costs, and (3) an order restraining Mr. Anderson from making any future filings in any jurisdiction arising out of the same facts and circumstances as alleged in the verified petition in this matter.

As the court previously held, plaintiff is precluded from re-litigating his claims relating to the purported lien (file # #03012010). Further, the court recognizes that plaintiff has filed thousands of pages of argument, purported evidence, and exhibits, and has filed several frivolous motions, supplements, and sur-replies[1] in this action. Thus, the court is inclined to enter sanctions against plaintiff.[2] The court finds that awarding attorney's fees and ordering plaintiff not to file cases arising

---

[1] Plaintiff filed his original petition (doc. #1), a motion to compel the court to issue a judicial review (doc. #4), a supplement to response (doc. #12), a sur-reply to response (doc. #19), and a motion for honorable court to complete libel review (doc. #23).

[2] The court notes that plaintiff has other cases pending before this court and other Nevada federal courts, where he is demonstrating the same behavior: *Anderson v. Crifasi* (Case No. 2:11-cv-00849-KJD -PAL); *Anderson v. Hondo Minerals, Inc. et al* (Case No. 2:11-cv-00850-JCM -RJJ); and *Anderson v. Crifasi et al* (Case No. 2:11-cv-00851-KJD -LRL).

**James C. Mahan**
**U.S. District Judge**

- 4 -

out of the same set of facts is warranted.

In his motion to strike (doc. # 20), the plaintiff does not provide the court with any law or authority supporting his assertion that striking the motion for sanctions is appropriate. Therefore, the plaintiff is ordered to pay attorney's fees and costs, and is enjoined from bringing further action against these defendants relating to the lien (file # #03012010).

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants Private Capital Group, Anasazi Gold Reserves, and AGR Minerals, LLC's motion to dismiss (doc. #7) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion for sanctions (doc. #18) be, and the same hereby is, GRANTED. Plaintiff is required to pay attorney's fees and costs upon their submission by the defendants and their approval by the court. Further, plaintiff is enjoined from bringing any action against these defendants relating to the purported lien (file # #03012010) or arising out of the same facts as alleged here.

IT IS FURTHER ORDERED that plaintiff's motion to strike (doc. #20) be, and the same hereby is, DENIED.

DATED August 12, 2011.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -