# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN THEODORE ANDERSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PRIVATE CAPITAL GROUP, et al.,<br><br>　　　　　Defendants. | 2:11-CV-58 JCM (LRL) |

**ORDER**

Presently before the court is plaintiff John Theodore Anderson's *pro se* motion to set aside attorney's fees order. (Doc. #34). Defendants Private Capital Group, Inc., et. al. filed an opposition. (Doc. #36). Plaintiff did not file a reply.

On August 12, 2011, the court entered an order granting defendants' motion to dismiss and ordering defendants to file a separate motion for attorney's fees (Doc. #24), which they did on August 22, 2011. (Doc. #30). Plaintiff did not respond to that motion. On October 4, 2011, the court issued an order granting defendants' motion for attorney's fees. (Doc. #32). The order noted plaintiff's failure to file an opposition and found that defendants' motion complied with the local rules regarding attorney's fees. (Doc. #32).

Plaintiff now moves to set aside the October 4, 2011, order, arguing that he was denied due process because he did not receive notice of the motion for attorney's fees pursuant to Federal Rules of Civil Procedure 4 and 5. (Doc. #34). Plaintiff's motion does not clarify in what manner defendants failed to comply with the notice requirements in Rules 4 and 5. (*See* Doc. #34).

**James C. Mahan**
**U.S. District Judge**

James C. Mahan
U.S. District Judge

1    Defendants attached a certificate of service to their motion for attorney's fees.  (Doc. #30).
2 The certificate of service indicates that defendants sent a "true and correct copy" of the motion to
3 plaintiff via United States mail and email.  (Doc. #30).  These methods of service are authorized in
4 Federal Rule of Civil Procedure 5.  *See* FED. R. CIV. P. 5(b).
5    "The fundamental requirement of due process is the opportunity to be heard at a meaningful
6 time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  The court finds
7 that plaintiff has not established he was denied due process here.  Plaintiff has not cited any case law
8 or established any factual background for his claim that he did not receive notice of the motion.
9 Thus, based on the record before the court, it is not appropriate to set aside the attorney's fees order.
10    Accordingly,
11    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff John Theodore
12 Anderson's *pro se* motion to set aside attorney's fees order (doc. #34) be, and the same hereby is,
13 DENIED.
14    DATED February 9, 2012.

_____
**UNITED STATES DISTRICT JUDGE**